Dear Representative Gann:
This opinion is in response to your question asking whether Article III, Section 39(9) or any other provision of the Missouri Constitution prohibits pari-mutuel wagering on horse racing.
Article III, Section 39(9) of the Missouri Constitution states that the General Assembly shall not have power:
 To authorize lotteries or gift enterprises for any purpose, and shall enact laws to prohibit the sale of lottery or gift enterprise tickets, or tickets in any scheme in the nature of a lottery; except that, nothing in this section shall be so construed as to prevent or prohibit citizens of this state from participating in games or contests of skill or chance where no consideration is required to be given for, the privilege or opportunity of participating or for receiving the award or prize and the term "lottery or gift enterprise" shall mean only those games or contests whereby money or something of value is exchanged directly for the ticket or chance to participate in the game or contest. The general assembly may, by law, provide standards and conditions to regulate or guarantee the awarding of prizes provided for in such games or contests under the provision of this subdivision.
The resolution of your question requires that we determine first, whether pari-mutuel betting on horse racing is a "lottery" within the purview of Article III, Section 39(9) of the Missouri Constitution and, if so, whether that provision in our constitution is self-executing, i.e., enforceable by the courts without the aid of ancillary legislation. See In re V., 306 S.W.2d 461, 463 (Mo. banc 1957); State ex rel. City of Fulton v. Smith, 194 S.W.2d 302,304 (Mo. banc 1946).
The term "lottery" has no technical meaning in Missouri law.State ex inf. McKittrick v. Globe-Democrat Pub. Co., 110 S.W.2d 705,713 (Mo. banc 1937). "[A] lottery includes every scheme or device whereby anything of value is for a consideration allotted by chance." Id.
The elements of a lottery are (1) consideration, (2) prize, and (3) chance. Mobil Oil Corporation v. Danforth, 455 S.W.2d 505,507 (Mo. banc 1970); State ex inf. McKittrick v. Globe-DemocratPub. Co., 110 S.W.2d at 713. We believe it is obvious that wagering on horse racing comprises all three elements. The bettor pays money (consideration) for the chance to win a greater sum of money (prize). Furthermore, wagering on horse races involves "chance," as defined in Missouri. The fact that some bettors may employ varying degrees of skill, knowledge, observation or experience does not make wagering on horse races any less a game of chance. "[I]f a contest `rests upon a determination in whole or in part by chance,' it is a lottery. . . ." State ex inf. McKittrick v.Globe-Democrat Pub. Co., 110 S.W.2d at 717. "[W]hether chance or skill was the determining factor in the contest must depend upon the capacity of the general public — not experts — to solve the problems presented." Id. Regardless of the extent to which an individual relies on racing forms, observation or other knowledge, the final result of any horse race is determined by chance. "[W]hat a man does not know and cannot find out is chance as to him, and is recognized as chance by the law." Id. at 718. Thus, wagering on horse racing is a game of chance and a lottery in Missouri.
Although Article III, Section 39(9) is worded in the form of a limitation upon the power of the General Assembly, and contains a mandate to enact prohibitory legislation, State ex inf. Danforthv. Readers Digest Association, 527 S.W.2d 355, 357 (Mo. banc 1975), the Supreme Court of Missouri expressly held such provision to be self-executing in Mobil Oil Corporation v. Danforth,455 S.W.2d at 508. Therein the court declared that "[o]ur Constitution prohibits" lotteries or gift enterprises for any purpose and any scheme in the nature of a lottery. Id. at 509. See also, State ex inf.McKittrick v. Globe-Democrat Pub. Co., 110 S.W.2d at 713.
CONCLUSION
It is the opinion of this office that Article III, Section 39(9) of the Missouri Constitution prohibits pari-mutuel wagering on horse racing.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Theodore A. Bruce.
Very truly yours,
 JOHN ASHCROFT Attorney General